ARAUNAH SPEAR *v.* GEO. E. HOLMES, WILLARD KING, LEON-
ARD HATCH AND ZENAS SNOW.

*Scire facias. Jail bond. Sheriff and his sureties.*

Where a debtor was committed to jail on *mesne* process, and gave a jail bond, it was
held, that before a suit could be sustained for an escape, there must be a demand
made for the bond, and a refusal to assign it, that the statute contains no excep-
tions, and the court cannot make them, unless in the most obvious cases of ne-
cessity.

It was also *held,* that the fact that the jail bond was found in possession of the fam
ily of a former jailor in another State, affords no necessary presumption, that a
demand would not have been available.

SCIRE FACIAS against the defendants upon recognizance enter-
ed into by them, for the faithful performance by the defendant
Geo. E. Holmes, of the duties of the office of sheriff of Essex
county.

The cause of action alledged is, that said defendant Holmes per-
mitted one Freeman B. Peck, (who was committed to jail on *mesne*
process at the suit of the plaintiff,) to escape. The writ was re-
turned *non est inventus,* as to said defendants Holmes and Hatch,
but all the defendants appeared.

Plea, *Nul tiel* record of judgment against sheriff, and notice that
defendants " will prove in defense of this action, that said Freeman
" B. Peck was duly released from his imprisonment, mentioned in
" the plaintiff's declaration, by virtue of a jail bond, in the penal
" sum of two hundred dollars, made in due form of law to said
" Holmes, as Sheriff of the county of Essex, dated the 11th day
" of April, A. D. 1842, signed by said Peck, William Haywood, Jr.
" and Orange Haywood, which bond said Holmes, as sheriff as
" aforesaid, received, and released said Peck from his said impris-
" onment, agreeably to law, and that said Holmes did not suffer
" said Peck to escape, as set forth in said declaration. And the
" defendants will further insist that said judgment, in favor of said
" Spear against said Holmes, recovered before Bass, justice of the
" peace, is void, for the reason that the service of the writ therein
" was void, not being in conformity to the statute."

By agreement of parties, the issue was tried by the court.

The plaintiff introduced in evidence a certified copy of the rec-

ord in the suit in favor of the plaintiff against Freeman B. Peck, and also the execution on said judgment, and the officer's return thereon.   The plaintiff also introduced a certified copy of the record of a judgment recovered by the plaintiff against said defendant Holmes, by *default*, for the default of the said Holmes in permitting the said Peck to escape.   And also, what purported to be the original writ in said case of Spear against said Holmes.   The defendants objected to the admission of said writ in evidence, because there was no evidence to show it to be the original writ in said suit, and because the same was not in any manner authenticated; and also to the admission of said writ and record of judgment, for the reason that the return of the officer on said writ was so irregular and defective that the judgment against said Holmes was wholly void.   Said return was as follows:

" STATE OF VERMONT, &rbrace; St. Johnsbury, Aug. 26, 1847.
     " *Caledonia County.*
     " Then by virtue of this writ to me directed, I attached as the
" property of the within named defendant one old hat, and on the
" same day, I left a true and attested copy of this attachment, with
" a list of the property so attached endorsed thereon, at the last
" place of defendant's abode in St. Johnsbury, with one Isaac
" Woods now resident therein, and of sufficient discretion, said de-
" fendant having left this State, and having no known agent or
" attorney in this State, with whom to leave said copy."
                    " Attest,
                            ———— ———— *Dep. Sheriff.*"

The court admitted the same, to which defendants excepted. The plaintiff also gave in evidence, a copy of record of defendants' recognizance declared on.

The defendants then proved, that after the said Peck had been committed to jail in Essex county, on the writ in favor of the plaintiff, and while he was still in jail by virtue of said commitment, on the eleventh day of April, A. D. 1842, said Peck as principal, and Orange Haywood and William Haywood, Jr., as sureties, executed a jail bond in due form of law, to the said Holmes, as sheriff and keeper of said jail, which bond was dated on said eleventh day of April, A. D. 1842.   That said bond was duly delivered to one Nelson, who was at that time deputy jailor under said Holmes, and that said Peck was thereupon allowed to

depart. It did not appear that said bond was ever in the actual possession of said Holmes, or that any demand was ever made upon him at any time, to assign said bond to the plaintiff.

The bond was procured, by the defendants, from the wife of said Nelson, in Massachusetts, since the commencement of this suit. It appeared that said Holmes continued to reside in this State until just before the commencement of the suit in favor of said Spear against him, when he removed from this State to the State of Illinois, where he now resides ; and it did not appear that after his removal, he had any attachable property in this State. The said jail bond was produced on trial.

The plaintiff claimed and requested the court to decide, " that a sheriff's term of office having expired, and he having removed from the State, and leaving in the State, no known property or estate, on which service of process may be made, to fetch him within the jurisdiction of the court, disposes with the obtaining a judgment against him, preliminary to a suit against his bail, and the same also dispenses with any demand of an assignment of a jail bond, which such former sheriff may have taken in the premises, preliminary to any suit against such sheriff."

But the court declined to accede to such request or to sustain any such doctrine, and rendered judgment in favor of the defendants. To which decision plaintiff excepted.

*Geo. C. Cahoon* for plaintiff.

The case shows that the wife or widow of one Nelson, residing in Massachusetts, had the jail bond in possession, and that said Nelson at some time, was keeper of said jail, and it is claimed that said bond was made, and delivered to him at that time ; and had the same subsequently been delivered to and accepted by said Holmes as sheriff, it might have confirmed and given vitality and validity ; but going to the archives of the jail, no such bond was to be found, and if demand had been made of Holmes, he could not have assigned, for he did not possess it, and being without the State at the time suit was brought, it became utterly impossible, within the jurisdiction of the court to make such demand. Likening this to the case of a note, demand and notice back are waived, by the removal or absconding of the party. When the maker absconds before the maturity of the note, no demand will be necessa-

ry. *Putnam* v. *Sullivan*, 4 Mass. 45. *Widgery* v. *Munroe*, 6 Mass. 449. · *Hale* v. *Burr*, 12 Mass. 86. *Jones* v. *Fales*, 4 Mass. 251.

*William Haywood, Jr.* for defendants.

The plaintiff cannot recover in this suit, for the following reasons.

1. He has not obtained a legal judgment against said Holmes. Comp. Stat. Chap. 28 § § 56, 75, 58, 59.

The service of the writ against Holmes was void.

The plaintiff did not make proper proof of the judgment. He offered a paper as the writ in the action, without any proof that it was the writ. *Treasurer* v. *Holmes*, 1 Aik. 111.

It appears that Holmes did not suffer Peck to escape, but the jailor under Holmes took a jail bond agreeable to the statute.

BY THE COURT. This is a suit against the sheriff and his bail, upon his recognizance. The statute makes it indispensable that the creditor, before bringing *scire facias*, should recover judgment against the sheriff. And it further provides, that when such judgment is rendered by default, the sureties may make the same defense, which might have been made in the original action. This ought not perhaps to be extended beyond defenses upon the merits. But to this extent there can be no doubt, the judgment in this case against the sheriff being by default, is defensible by the sureties and by Holmes, who had no notice in fact.

The suit against the sheriff is for an escape. But the facts in the case show that no escape was in fact suffered. The debtor Peck was committed on *mesne* process, and gave a jail bond, and no demand whatever was made upon the sheriff, or any one, for the bond, and the statute is express, that no suit for an escape shall be sustained, until after such demand and a refusal to assign it. The statute contains no exceptions, and we cannot make them, certainly not, unless in the most obvious cases of necessity. And in the present case the sheriff remained for a long time in the state, and it is presumable the demand would have been made, if the creditor had supposed it would have served him any purpose to have the bond put in suit.

The bond seems to us to be a valid bond on *mesne* process. And

the fact that it was found in the possession of the family of a former jailor, in another state, affords no necessary presumption, that a demand would not have been available. It does not appear how long the bond had been out of the state, or that the sheriff on demand would not probably have produced it, and assigned it.

*Non est inventus* on plaintiff's execution, the 29th day of August, A. D. 1843. Suit against sheriff brought the 7th day of August, 1847, and Holmes left the state just before this, giving four years to make demand of the bond, and for any thing we know, it would have been assigned at any moment. Judgment affirmed.